IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REMEDIOS CUEVAS § | |
| Plaintiff § | |
| § | Civil Action No. _____ |
| v. § | |
| § | Jury Trial Demanded |
| HYATT CORPORATION and § | |
| POLK SMITH REGENCY, LLC. d/b/a § | |
| HYATT REGENCY HOTEL | |
| Defendants | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, REMEDIOS CUEVAS, ("Plaintiff") is an individual that is a citizen of the State of Texas.

2. Defendant, HYATT CORPORATION d/b/a HYATT REGENCY HOTEL, is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Texas. Defendant may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at its offices located at 701 Brazos St., Suite 1050, Austin, TX. 78701.

3. Defendant, POLK SMITH REGENCY, LLC. d/b/a HYATT REGENCY HOTEL, is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at its offices located at 701 Brazos St., Suite 1050, Austin, TX. 78701.

### B. Jurisdiction

4. The court has jurisdiction over the lawsuit because the suit arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and the Americans with Disabilities Act (ADA). *42 U.S.C. § 12112*. The plaintiff was employed as an "In Room Dining Server" with defendants, corporations doing business within the territorial jurisdiction of the court.

4.1  The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims against Defendants for employment discrimination on the basis of age and disability under the Texas Commission on Human Rights Act, Texas Labor Code 21.051 because Plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

### C. Venue

5.  Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because (a) the alleged unlawful employment practice was committed in this district; (b) the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district; and (c) Plaintiff would have worked in this district but for the alleged unlawful employment practice. Venue is also proper in this district under 28 U.S.C. §1391(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### D. Exhaustion of Administrative Remedies

6.  Plaintiff timely filed a charge of discrimination against defendants with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit 1.

### E. Discrimination Under the ADEA

7.  Plaintiff, age 58, was an employee within the meaning of the ADEA and belonged to the class of employees protected under the statute, namely, employees over the age of 40.

8.  Defendants are employers within the meaning of the ADEA.

9.  Defendants through their authorized agents and employees, intentionally discriminated against plaintiff because of her age in violation of the ADEA by subjecting her to different terms, conditions or privileges of employment than those enjoyed by Defendant's younger workers. Plaintiff, a qualified employee since February 1988, suffered adverse employment action by

Defendants' use of pre-textual and harassing reprimands which ultimately led to her discharge on September 16, 2014.

10. Following defendants' adverse employment action and discharge of the plaintiff, the defendants replaced plaintiff with a person outside the protected class and younger than plaintiff.

### F. Discrimination Under the ADA

11. Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). *See 42 U.S.C. §§12102, 12111(8)*. Plaintiff suffers from chronic osteoarthritis of the knees that substantially limits one or more major life activities. Nonetheless, Plaintiff is otherwise qualified to perform the essential functions of "In Room Dining Server."

12. Plaintiff was an employee within the meaning of the ADA. *See 42 U.S.C. §12111(4)*.

13. Defendants are employers within the meaning of the ADA, are engaged in an industry affecting commerce, and have 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *42 U.S.C. §12111(5)*

**Harassment**

14. Defendants violated the ADA by intentionally discriminating against plaintiff, a qualified individual, on the basis of her disability. Defendants' discriminatory acts include their use of pre-textual and harassing reprimands which ultimately led to her discharge on September 16, 2014, after 25 years of service.

14.1 Plaintiff was subjected to unwelcome harassment from defendants. The harassment was because of her disability. The harassment affected a term, condition, or privilege of employment and is a basis for defendants' liability. Defendants knew or should have known of the harassment but failed to take prompt, remedial action.

### Disparate Treatment

14.2    Further, Defendants knew of Plaintiff's disability. Despite her disability, plaintiff was qualified for the position of "In Room Dining Server." Nonetheless, defendants took adverse employment action against plaintiff by firing her because of her disability.

### G. Age & Disability Discrimination Under TCHRA

15.   Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 thru 14.2 above and incorporate them by reference as if fully set forth herein.

15.1 Plaintiff alleges that they give rise to causes of action against the Defendants for employment discrimination on the basis of age and disability under the Texas Commission on Human Rights Act, Texas Labor Code 21.051.

### H. Damages

16.   As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

- a. Plaintiff was discharged from employment with defendants. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in her previous position is impractical and unworkable. Therefore, plaintiff seeks an award of future lost wages and benefits to compensate her.

- b. Plaintiff suffered loss of her pension or retirement benefits.

- c. Plaintiff suffered mental anguish and emotional distress.

- d. Plaintiff is entitled to prejudgment interest on lost wages and benefits and post-judgment interest on all sums, including attorney fees.

- g. Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the FLSA. *See 29 U.S.C. §626(b).*

## I. Attorney Fees

17. Plaintiff is also entitled to an award of attorney fees and costs under the ADEA and under the ADA.

## J. Prayer

18. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. Actual damages.

   b. liquidated and punitive damages

   c. reasonable attorney fees.

   d. Prejudgment and post-judgment interest

   e. Costs of suit.

   f. All other relief the court deems appropriate.

Respectfully submitted,
**LAW OFFICES OF ADOLPH R. GUERRA, JR.**

By: _____
ADOLPH GUERRA
State Bar No. 08572000
1001 Texas Ave. Suite 1400
Houston, Texas 77002
adolph@lawofficesadolphrguerrajr.com
Telephone: (281) 398-6917
Facsimile: (713) 328-6801
**ATTORNEYS FOR PLAINTFF**